[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 25, 2009
THOMAS K. KAHN
CLERK

No. 09-11995
Non-Argument Calendar

_____

D. C. Docket No. 08-00028-CR-OC-18-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN DANIEL DELIBRO,
a.k.a. Justin Daniels Delibro,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 25, 2009)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Justin Daniel Delibro was convicted by the district court at the conclusion of

a bench trial on a one-count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After the court imposed sentence,[1] Delibro appealed his conviction. The sole issue on appeal is whether the district court erred in denying his motion to suppress inculpatory statements he made during a conversation with his mother in an interview room at the police station following his arrest. The room was monitored, and, according to Delibro's motion to suppress, the statements were recorded in violation of his Fourth Amendment right to the expectation of privacy.[2]

A magistrate judge held an evidentiary hearing on Delibro's motion to suppress, and in the Report and Recommendation he submitted to the district court, found no merit in the motion. The district court agreed, adopted the magistrate judge's recommendation in full, and added this statement:

> [T]he Magistrate Judge correctly determined, under the undisputed facts of this case, that the Defendant could not have had a reasonable expectation of privacy concerning his conversations with his mother which took place within the confines of an actively monitored interview room at the Eustis Police Department following his arrest. The videotape of the Defendant's conversation with his mother, as

---

[1] The district court sentenced Delibro to a term of imprisonment of 57 months.

[2] In his brief to us, Delibro presents an argument he did not present to the district court – that his inculpatory statements were recorded in violation of the Fifth and Sixth Amendments, as applied by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). He therefore asks us to notice plain error in the court's denial of his motion to suppress. The argument is meritless. The court did not err, much less commit plain error.

2

well as the testimony of his mother at the evidentiary hearing both clearly establish that the Defendant was well aware that law enforcement could be monitoring his conversations.

We have considered the record before the magistrate judge and the district court and find no error in the court's denial of Delibro's motion to suppress. The judgment of the district court is, accordingly,

AFFIRMED.